Jeffrey C. Park, Esq.  (SBN 151747)
Hemant R. Habbu, Esq. (SBN 161437)
HABBU & PARK INC.
95 S. Market Street, Suite 530
San Jose, California  95113
Tel. (408) 993-9577
Fax (408) 881-0456

Attorneys for Defendants Juventino Rodriguez,
Martha V. Rodriguez, and Eileen Rodriguez

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO MUNOZ MARQUEZ; LUIS A. VIDAL, <br><br> Plaintiffs, <br><br> v. <br><br> JUVENTINO RODRIGUEZ; ROBERT JAMES RODRIGUEZ; CHRISTINA CAMARILLO; MARTHA V. RODRIGUEZ; EILEEN RODRIGUEZ; AND J&E HVAC, INC., <br><br> Defendants. | CASE No.: CV-08-1702 HRL <br><br> **ANSWER FOR DEFENDANT MARTHA RODRIGUEZ** |

Defendant, MARTHA RODRIGUEZ ("DEFENDANT"), hereby answers the complaint of Francisco Munoz Marquez and Luis A. Vidal ("COMPLAINT") as follows.

1. DEFENDANT denies each and every allegation in paragraph 1 of the COMPLAINT.
2. DEFENDANT denies each and every allegation in paragraph 2(a) of the COMPLAINT.
3. DEFENDANT denies each and every allegation in paragraph 2(b) of the COMPLAINT.
4. DEFENDANT denies each and every allegation in paragraph 2(c) of the COMPLAINT.

1   **5.** DEFENDANT admits that the Plaintiffs were over 18 years old at all relevant times and denies each and every other allegation in paragraph 5 of the COMPLAINT.

**6.** DEFENDANT admits that defendants worked in Monterey, San Benito, Santa Cruz, and Santa Clara Counties. DEFENDANT denies each and every other allegation in paragraph 7 of the COMPLAINT.

**7.** DEFENDANT admits each and every allegation in paragraph 8 of the COMPLAINT.

**8.** DEFENDANT admits each and every allegation in paragraph 9 of the COMPLAINT.

**9.** DEFENDANT admits each and every allegation in paragraph 10 of the COMPLAINT.

**10.** DEFENDANT admits all allegations in paragraph 11 of the COMPLAINT.

**11.** DEFENDANT admits that Defendant, EILEEN RODRIGUEZ, was an officer of V-Fab, Inc., which is now a dissolved corporation and denies each and every other allegation in paragraph 12 of the COMPLAINT.

**12.** DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegation that ROBERT JAMES RODRIGUEZ and CHRISTINA CAMARILLO are officers of the corporate Defendants and on that basis denies this allegation. DEFENDANT denies each and every other allegation in paragraph 13 of the COMPLAINT.

**13.** DEFENDANT denies each and every allegation in paragraph 14 of the COMPLAINT.

**14.** DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegation that all defendants are in common control of a same group of people and on that basis denies this allegation.  DEFENDANT denies each and every other allegation in paragraph 15 of the COMPLAINT.

**15.** DEFENDANT denies each and every allegation in paragraph 16 of the COMPLAINT.

**16.** DEFENDANT denies each and every allegation in paragraph 17 of the COMPLAINT.

**17.** DEFENDANT denies each and every allegation in paragraph 18 of the COMPLAINT.

**18.** DEFENDANT denies each and every allegation in paragraph 19 of the COMPLAINT.

**19.** DEFENDANT denies each and every allegation in paragraph 20 of the COMPLAINT.

**20.** DEFENDANT denies each and every allegation in paragraph 21 of the COMPLAINT.

**21.** DEFENDANT denies each and every allegation in paragraph 22 of the COMPLAINT.

**22.** DEFENDANT denies each and every allegation in paragraph 23 of the COMPLAINT.

**23.** DEFENDANT denies each and every allegation in paragraph 24 of the COMPLAINT.

**24.** DEFENDANT denies each and every allegation in paragraph 25 of the COMPLAINT.

**25.** DEFENDANT denies each and every allegation in paragraph 26 of the COMPLAINT.

26. DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-26 concerning the allegations in paragraph 27.

27. DEFENDANT denies each and every allegation in paragraph 28 of the COMPLAINT.

28. DEFENDANT admits she and JUVENTINO RODRIGUEZ were at a time an "Enterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. §203(r) & (s).  DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 as to the other defendants and on that basis denies such allegations.

29. DEFENDANT denies each and every allegation in paragraph 30 of the COMPLAINT.

30. DEFENDANT denies each and every allegation in paragraph 31 of the COMPLAINT.

31. DEFENDANT denies each and every allegation in paragraph 32 of the COMPLAINT.

32. DEFENDANT denies each and every allegation in paragraph 33 of the COMPLAINT.

33. DEFENDANT denies each and every allegation in paragraph 34 of the COMPLAINT.

34. DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and on this basis denies the allegations in paragraph 35 of the COMPLAINT.

35. DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-35 concerning the allegations in paragraph 36.

36. DEFENDANT denies that Plaintiffs were employed in execution of the PROJECTS which were subject to prevailing wage law pursuant to CA Labor Code §§1771, 1774.

37. DEFENDANT denies each and every allegation in paragraph 38 of the COMPLAINT.

38. DEFENDANT admits that to the extent she employed people on private construction projects she was subject to Labor Code §510. DEFENDANT denies that she employed Plaintiffs and each and every other allegation in paragraph 39 of the COMPLAINT.

39. DEFENDANT denies each and every allegation in paragraph 40 of the COMPLAINT.

40. DEFENDANT denies each and every allegation in paragraph 41 of the COMPLAINT.

41. DEFENDANT denies each and every allegation in paragraph 42 of the COMPLAINT.

42. DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and on this basis denies the allegations in paragraph 43 of the COMPLAINT.

43. DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-43 concerning the allegations in paragraph 44.

44. DEFENDANT denies each and every allegation in paragraph 45 of the COMPLAINT.

**45.** DEFENDANT denies each and every allegation in paragraph 46 of the COMPLAINT.

**46.** DEFENDANT denies each and every allegation in paragraph 47 of the COMPLAINT.

**47.** DEFENDANT denies each and every allegation in paragraph 48 of the COMPLAINT.

**48.** DEFENDANT denies each and every allegation in paragraph 49 of the COMPLAINT.

**49.** DEFENDANT denies each and every allegation in paragraph 50 of the COMPLAINT.

**50.** DEFENDANT denies each and every allegation in paragraph 51 of the COMPLAINT.

**51.** DEFENDANT denies each and every allegation in paragraph 52 of the COMPLAINT.

**52.** DEFENDANT denies each and every allegation in paragraph 53 of the COMPLAINT.

**53.** DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs, including Opt-In Consenters, have incurred, and will continue to incur attorney fees in the prosecution of this action as identified in paragraph 54 of the COMPLAINT and on this basis denies such allegations. DEFENDANT denies each and every other allegation in paragraph 54 of the COMPLAINT.

**54.** DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-54 concerning the allegations in paragraph 55.

**55.** DEFENDANT admits the allegations in paragraph 56.

**56.** DEFENDANT denies each and every allegation in paragraph 57 of the COMPLAINT.

**57.** DEFENDANT denies each and every allegation in paragraph 58 of the COMPLAINT.

**58.** DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the COMPLAINT and on this basis denies the allegations in paragraph 59 of the COMPLAINT.

**59.** DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-59 concerning the allegations in paragraph 60.

**60.** DEFENDANT denies each and every allegation in paragraph 61 of the COMPLAINT.

**61.** DEFENDANT denies each and every implied factual allegation in paragraph 62 of the COMPLAINT.

**62.** DEFENDANT denies each and every allegation in paragraph 63 of the COMPLAINT.

**63.** DEFENDANT incorporates her prior responses to each and every allegation in paragraphs 1-63 concerning the allegations in paragraph 64.

**64.** DEFENDANT admits she and JUVENTINO RODRIGUEZ were at times subject to the laws identified in this paragraph 65 of the COMPLAINT.   DEFENDANT lacks knowledge or

information sufficient to form a belief as to the truth of whether the other defendants were subject to the laws stated in this paragraph 65 and on that basis denies such allegations.

**65.** DEFENDANT admits she and JUVENTINO RODRIGUEZ were subject to CA Business and Professions Code §17200 et seq. DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of whether the other defendants were subject to the laws stated in this paragraph 66 and on that basis denies such allegations. DEFENDANT denies each and every other allegation in paragraph 66 of the COMPLAINT.

**66.** DEFENDANT denies each and every allegation in paragraph 67 of the COMPLAINT.

**67.** DEFENDANT denies each and every allegation in paragraph 68 of the COMPLAINT.

**68.** DEFENDANT denies each and every allegation in paragraph 69 of the COMPLAINT.

**69.** DEFENDANT denies each and every allegation in paragraph 70 of the COMPLAINT.

**70.** DEFENDANT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the COMPLAINT and on this basis denies the allegations in paragraph 71 of the COMPLAINT.

**71.** DEFENDANT denies that Plaintiffs are entitled to recover any damages or relief or costs or attorneys' fees whatsoever.

### AFFIRMATIVE DEFENSES

This DEFENDANT denies that she is responsible for any damages that Plaintiffs allegedly incurred or that Plaintiffs were damaged in any amount or at all by DEFENDANT's conduct or omission.

**72. First Affirmative Defense – Not an Employer**

As a first and separate affirmative defense to all causes of action and counts, DEFENDANT alleges that this DEFENDANT never employed Plaintiffs in any capacity during the relevant time period and as such was not Plaintiffs' employer under federal or California law.

**73. Second Affirmative Defense – Not Liable for Corporate Acts/Omissions.**

As a second and separate affirmative defense to all causes of action and counts, DEFENDANT alleges that this DEFENDANT cannot be held liable for the acts of a corporation and is not liable for any of the counts and claims in the COMPLAINT.

**74. Third Affirmative Defense – Failure to State a Cause of Action.**

As a third and separate affirmative defense, DEFENDANT alleges that the COMPLAINT and every cause of action and count therein fail to state facts sufficient to constitute a cause of action or count against DEFENDANT.

**75. Fourth Affirmative Defense – Statute of Limitations.**

As a fourth and separate affirmative defense, DEFENDANT alleges that the COMPLAINT and every cause of action and count therein is barred by the appropriate statute of limitations, which include, but are not limited to, California Code of Civil Procedure §337, §338(a), §339, §340, 29 U.S.C.§255, and CA Business and Professions Code §17208.

**76. Fifth Affirmative Defense – Good Faith**

As a fifth and separate affirmative defense to all causes of action and counts, DEFENDANT alleges that DEFENDANT's actions were all taken in good faith, were appropriate under the circumstances, and were proper and legal.

**77. Sixth Affirmative Defense – Contribution**

As a sixth and separate affirmative defense to all causes of action and counts, DEFENDANT alleges that if Plaintiffs have suffered or will suffer any damages or harm, those damages or harm are a result of their own conduct/omission or the conduct/omission of another party, and not the result of any conduct by this DEFENDANT.

**78. Seventh Affirmative Defense – Plaintiffs Took Rest Breaks and Meal Periods**

As a seventh and separate affirmative defense to the sixth count and related claims of missed rest breaks and meal periods, DEFENDANT alleges that Plaintiffs had the opportunity to take and actually took required rest breaks and meal periods.

**79. Eighth Affirmative Defense – No Standing**

As an eighth and separate affirmative defense to the sixth count, DEFENDANT alleges that Plaintiffs lack standing to seek disgorgement of profits or restitution.

\\\
\\\
\\\

**80. Ninth Affirmative Defense – No Statutory Violations**

As a ninth and separate affirmative defense to all counts, DEFENDANT alleges that DEFENDANT has taken no action and made no omission that violated or sought to violate any statutory right relating to Plaintiffs.

**81. Tenth Affirmative Defense – Unclean Hands**

As a tenth and separate affirmative defense to all counts, DEFENDANT alleges that Plaintiffs' counts and prayer for relief are barred by unclean hands.

**82. Eleventh Affirmative Defense – Waiver**

As an eleventh and separate affirmative defense to all counts, DEFENDANT alleges that Plaintiffs' counts and prayer for relief are barred by waiver.

**83. Twelfth Affirmative Defense – Estoppel**

As a twelfth and separate affirmative defense to all counts, DEFENDANT alleges that Plaintiffs' counts and prayer for relief are barred by estoppel.

**84. Thirteenth Affirmative Defense – Release**

As a thirteenth and separate affirmative defense to all counts, DEFENDANT alleges that Plaintiffs released DEFENDANT of all liability based on their own conduct.

**85. Fourteenth Affirmative Defense – Consent**

As a fourteenth and separate affirmative defense to all counts, DEFENDANT alleges that Plaintiffs consented to DEFENDANT's actions and conduct and therefore DEFENDANT is not liable.

**86. Fifteenth Affirmative Defense – Justification**

As a fifteenth and separate affirmative defense to all counts, DEFENDANT alleges that all of this DEFENDANT's conduct or omissions were justified under the circumstances.

\\\

**87. Sixteenth Affirmative Defense – Good Faith Belief No Wages Owed at Termination**

As a sixteenth and separate affirmative defense to count five, DEFENDANT alleges that DEFENDANT had and has a good faith belief that DEFENDANT owed no wages to Plaintiffs at the time their employment ended pursuant to CA Labor Code §201.

**88. Seventeenth Affirmative Defense – Good Faith Belief re: Liquidated Damages**

As a seventeenth and separate affirmative defense to count two, DEFENDANT alleges that DEFENDANT's acts or omissions were in good faith and DEFENDANT had no reasonable grounds for believing that DEFENDANT's acts or omission violated any CA or federal law related to minimum wages or overtime payment.

**89. Eighteenth Affirmative Defense – Mitigation of Damages**

As an eighteenth and separate affirmative defense to all counts, DFENDANT alleges that Plaintiffs failed to mitigate damages.

**90. Nineteenth Affirmative Defense – Equitable Indemnity**

As a nineteenth and separate affirmative defense to all counts, DFENDANT alleges that any and all injury alleged in the COMPLAINT was the result of a duty or obligation owed by another party to indemnify this Defendant.

**91. Twentieth Affirmative Defense – Payment**

As a twentieth and separate affirmative defense to all counts, DFENDANT alleges that Plaintiffs have been paid for all wages.

**92. Twenty-first Affirmative Defense – Laches**

As a twenty-first and separate affirmative defense to all counts, DFENDANT alleges that this DEFENDANT will suffer prejudice due to Plaintiffs' delay in bringing this action.

**93. Twenty-second Affirmative Defense – Defendant's Conduct was Fair and Lawful**

As a twenty-second and separate affirmative defense to Plaintiff's sixth count, DFENDANT alleges that this DEFENDANT's conduct was fair and lawful.

DEFENDANT has not yet completed its investigation and /or discovery of all facts and circumstances related to the subject matter of Plaintiffs' COMPLAINT, and therefore DEFENDANT reserves the right to amend, modify, revise or supplement this Answer, and to plead such other and further affirmative defenses as it may deem proper and necessary in its defense of this action.

**Prayer for Relief**

WHEREFORE, this answering DEFENDANT prays for judgment in her favor as follows:

1. That Plaintiffs take nothing by reason of their COMPLAINT;
2. For attorneys' fees under CA Labor Code §218.5;
3. For costs of suit herein; and
4. For such other and further relief as this court deems just and proper.

Dated: July _29_, 2008          Respectfully Submitted,

Habbu & Park Inc.

__/S/_____
Jeff Park, Esq.
Attorneys for Defendant, Martha Rodriguez