1 | TOMAS E. MARGAIN, Bar No. 193555
LAW OFFICES OF TOMAS E. MARGAIN
2 | 1550 Bryant Street, Suite 725
San Francisco, CA 94103
3 | Telephone: 415-861-9600
Fax: 415-861-9622
4 | margainlaw@hotmail.com

5 | RICHARD H. WILSON, Bar No. 175557
LAW OFFICE OF RICHARD H. WILSON
6 | 540 Bird Ave. #200
San Jose, CA 95125
7 | Telephone: 408/977-1382
Fax: 408/294-5720
8 | rhw-esq@mindspring.com

9 | Attorneys for Plaintiffs

10 | [INSERT]

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| FRANCISCO MUNOZ MARQUEZ; LUIS A. VIDAL | Case No.: CV-08-1702 HRL |
|---|---|
| Plaintiffs, | **JOINT CMC STATEMENT** |
| vs. | |
| JUVENTINO RODRIGUEZ; ROBERT JAMES RODRIGUEZ; CHRISTINA CAMARILLO; MARTHA V. RODRIGUEZ; EILEEN RODRIGUEZ; and J&E HVAC, INC. | |
| Defendants | |

1

JOINT CMC STATEMENT

In accordance with the Standing Order for All Judges of the Northern District of California, the parties in this matter hereby submit this Joint Case Management Conference Statement.

1. **Jurisdiction and Service**

The basis for the Court's subject matter jurisdiction over the claims of Plaintiffs FRANCISCO MUNOZ MARQUEZ and LUIS A. VIDAL (hereinafter "Plaintiffs") is the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* as alleged in the Complaint. There are no existing issues regarding personal jurisdiction or venue. There are no parties that remain to be served.

2. **Facts**

Plaintiffs allege that they were employed by defendants JUVENTINO RODRIGUEZ; ROBERT JAMES RODRIGUEZ; CHRISTINA CAMARILLO; MARTHA V. RODRIGUEZ; EILEEN RODRIGUEZ; and J&E HVAC, INC. as on site construction workers in the plumbing trade.

In this action, Plaintiffs seek compensation for hours that Plaintiffs allege they worked and were not paid. Plaintiffs also seek payment for prevailing wages under Federal and California law for time that Plaintiffs allege they worked on public works projects and were not paid prevailing wages.

The principal issues in dispute regarding Plaintiffs' claims are:

1. An accounting of the unpaid prevailing wages as Plaintiffs worked as Sheet Metal Workers on various Prevailing Wage projects and were not paid the prevailing wage. This primarily occurred with Plaintiff Marquez.

2. The factual adjudication and accounting of "off the clock" preliminary and postliminary compensable labor. Plaintiffs allege that they routinely worked at Defendants' shop, and transported themselves, tools and materials and were not paid until they showed up to the job site and set up to begin a work day. The postliminary work off the clock works involved light clean up and transporting vehicles, tools and excess material back to the shop. Plaintiff Marquez would sometimes be able to go straight from his house to a job site to but at least one time a week would go to Defendants' shop. Plaintiff Vidal would be required to go to the shop to load and then transport tools, equipment and materials to a job site.

Defendants allege that they fully paid Plaintiffs for all hours worked and for which Plaintiffs are legally entitled to no damages or attorneys' fees. Defendants allege that they are entitled to recover attorneys' fees under Labor Code §218.5 as Defendant believes Plaintiffs claims have no merit.

1) The number of hours Plaintiffs worked on public work projects for which they should have been paid.

2) When Plaintiffs allegedly worked on projects requiring prevailing wages.

3) The prevailing wage rate that Plaintiffs allege they should have been paid.

4) The number of hours that Plaintiffs actually worked overtime for which they seek overtime wages.

5) When Plaintiffs allegedly worked overtime.

6) The overtime rate of pay that Plaintiffs allege they should have been paid.

7) The number of hours that Plaintiffs allegedly worked "off the clock" doing preliminary and post-liminary work.

8) When Plaintiffs allegedly worked overtime.

9) Whether Plaintiffs were fully paid for all earned wages at the time of their termination?

10) Whether facts exist to support personal liability for Plaintiffs' claims?

11) Whether Defendants provided accurate itemized statements of earned wages?

12) Whether Defendants had any knowledge that Plaintiffs allegedly worked overtime.

3.  **Legal Issues**

Plaintiffs assert the following:

1.      That Defendants failed to pay overtime pay in violation of California Labor Code §§ 501 and 1194 as well as in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. This includes also includes "off the clock" wages for preliminary and postliminary work which increase the number of hours worked, compensable wages, and overtime amounts.;

2.      That Defendants failed to pay Plaintiffs their wages upon termination in violation of California Labor Code § 201 which subject them to waiting time penalties under Labor Code § 203.

3.      That Defendants must pay liquidated damages to Plaintiffs under the FLSA;

4.      That Defendants seek State Prevailing Wages for work performed on at least 6 known Public Works construction projects and as third party beneficiaries to a contract that called for Prevailing Wages or by operation of law, California Labor Code §§ 1771, et seq.

Defendant's dispute

1) Whether the hours that Plaintiffs allege they worked "off the clock" are compensable hours?

2) Whether Plaintiffs are entitled to any additional compensation for prevailing wage work?

3) Whether Plaintiffs are entitled to any additional overtime compensation?

4) Whether Plaintiffs are entitled to any additional compensation for their alleged "off the clock" preliminary and post-liminary work?

5) Whether Plaintiffs are entitled to recover any attorneys' fees?

6) Whether Plaintiffs were fully paid for all earned wages in compliance with CA Labor Code §201?

7) Whether Defendants had a good faith belief that they owed Plaintiffs no wages at the time of their termination?

8) Whether Defendants owe any liquidated damages under the FLSA?

9) Whether Defendants are personally liable for Plaintiff's claims?

10) Whether any of Plaintiff's claims are time barred?

11) Which Defendants, if any, are liable for any of Plaintiffs' claims?

12) Whether Defendants acted in good faith and had no reasonable grounds for believing Defendant violated any minimum wage or overtime law?

13) Whether Defendants are liable under Business and Professions Code §17200, et seq.?

14) Whether Defendants are liable for any alleged violation of Labor Code §226?

16) Whether Plaintiffs are entitled to recover any fringe benefits resulting from any alleged violation of prevailing wage law?

**4.    Motions**

The parties anticipate the following motions:

(a) Plaintiff's Summary Judgment Motion on their accounting after conducting factual investigation;

(b) Defendants' Juventino Rodriguez's, Martha Rodriguez's, and Eileen Rodriguez's motion for summary judgment as none of them have any personal liability in this lawsuit and such Defendants believe Plaintiffs were fully paid.

(b) Remaining Defendants motion for summary judgment/summary adjudication

**5.    Amendment of Pleadings**

No amendments are anticipated at this time.

**6.    Evidence Preservation**

All parties are hereby notified by their counsel of the obligation to preserve all electronically stored evidence and will take steps to do so.

**7. Disclosures**

The parties have agreed to serve their respective initial disclosures no later than October 3, 2008.

**8. Discovery**

The parties agree to adhere to the following discovery and case management schedule:

(a) Deadline to complete fact discovery: April 30, 2009.

(b) Deadline for expert disclosure statements under Fed. R. Civ. P. 26: May 15, 2009.

(d) Deadline to conduct expert discovery: June 28, 2009.

(e) Last day for hearing dispositive motions to be filed: July 28, 2009.

The parties wish to reserve the ability to seek an acceleration (or an extension) of the above-proposed schedule.

**9. Related Cases**

There are no related cases or proceedings pending before another Judge of this Court or before another Court or administrative body.

**10. Relief**

At this point, Plaintiff does not have sufficient records to estimate the damages.

**11. Settlement and ADR**

All parties are willing to participate in the Court's ADR mediation program and will execute a stipulation.

**12. Consent To Magistrate Judge For All Purposes**

The parties have filed their consent to have a Magistrate Judge to conduct all further proceedings in this matter.

JOINT CMC STATEMENT

### 13. Other References

The parties agree that this case is not suitable for reference to binding arbitration or any other reference.

### 14. Narrowing Of Issues

Defendants believe that the issues can be significantly narrowed after initial disclosures and some discovery.

### 15. Expedited Schedule

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 16. Trial

Plaintiff is willing to have a Court trial to expedite the adjudication. The expected length of trial is 3-5 court days.

### 17. Disclosure of Non-Party Interested Entities or Persons

Plaintiff has no one to disclose other than parties themselves.

///

///

///

JOINT CMC STATEMENT

### 18. Other Matters

Defendants request that plaintiffs ascertain by September 30, 2008 whether or not there are any further "opt in consenters." Plaintiffs believe that a reasonable date after initial disclosures is more appropriate.

Respectfully submitted,

Dated: _____ By: /S/ _____
RICHARD H. WILSON
Attorneys for Plaintiffs

Dated: 9-2-08 By: /S/ _____
JEFF PARK
Attorney for Defendants Juventino
Rodriguez, Martha Rodriguez, and Eileen
Rodriguez

**FAXED SIGNATURE**

Dated: _____ By: /S/ _____
RONA P. LAYTON
Attorney for Defendants Robert James
Rodriguez, Christina Camarillo, and J&F
HVAC, INC.

8

JOINT CMC STATEMENT

FAXED SIGNATURE

**18. Other Matters**

Defendants request that plaintiffs ascertain by September 30, 2008 whether or not there are any further "opt in consenters." Plaintiffs believe that a reasonable date after initial disclosures is more appropriate.

Respectfully submitted,

Dated: September 2, 2008    By: /s/ _____
RICHARD H. WILSON
Attorneys for Plaintiffs

Dated: September 2, 2008    By: /s/ _____
JEFF PARK
Attorney for Defendants Juventino Rodriguez, Martha Rodriguez, and Eileen Rodriguez

Dated: September 2, 2008    By: /s/ _____
RONA P. LAYTON
Attorney for Defendants Robert James Rodriguez, Christina Camarillo, and J&E HVAC, INC.